Executor of Jesse H. Willis, *vs.* John S. Shepard.

A judgment in favor of one execution creditor of an estate upon a rule against another execution creditor of the estate, determining the right of the parties to moneys in the hands of the Sheriff is irregular, such mode of proceeding not being authorized by Common Law or Statute.

The proper course in such case is for each execution creditor to take his rule against the Sheriff.

Appeal from Leon Circuit Court.

Jesse H. Willis, plaintiff, in an execution against the executors of Alfred M. Gatlin, upon motion, obtained a rule in the Leon Circuit Court, against Alfred A. Fisher, Sheriff, John S. Shepard, assignee of the Union Bank of Florida, and William D. Moseley, plaintiffs in other executions in the same Court, against the executors of Gatlin, to show cause *instanter*, why the said Sheriff should not pay over to the attorneys of the said Willis, certain moneys arising from a sale of slaves made by virtue of sundry executions against Gatlin's estate, including the execution in favor of Willis.

It does not appear what answers were made by the defendants to the rule, except that according to the bill of exceptions, the Sheriff at the hearing made a return of all the executions under which the sale was made, and of the levies and sales, &c., and that testimony was taken to prove various facts deemed important, and that other facts were admitted and entered by consent in the bill of exceptions.

The following entry of the final decision in the Court below appears in the record :—

"Upon hearing the several parties in interest and claiming the proceeds of the said sale of the first Monday in December last : It is ordered, that the sum of four hundred and five dollars, the proceeds of the sale of Ben Tillet be deducted from the amount in the Registry of the Court, and that the residue of said sum, be distributed *pro rata* amongst and upon the execution in favor of said Willis, numbered 2981, and the executions numbered 2982, 2983, and 2984, in favor of the Union Bank of Florida, and the execution numbered 2985, in favor of William D. Moseley ; the execution numbered 2887 in favor of the said Union Bank of Florida, upon

which John S. Shepard, the assignee, ordered a stay of execution, being considered as dormant, the stay thus ordered operating as a waiver and relinquishment of all the levies made under it, except that of the 7th of October, 1844, which has been otherwise disposed of. And the said Jesse H. Willis, by his attorney, prayed an appeal from the foregoing order, to the Supreme Court, which is granted; and the said John S. Shepard, by his attorney, also prayed a cross appeal therefrom, in case said appeal of the said Jesse H. Willis, shall be prosecuted by him, to the end that the questions be decided by the Supreme Court: First, Whether his execution, numbered 2887, is not entitled to the whole of the moneys in controversy. And, second, Whether if it be not entitled to the whole it is not entitled to a *pro rata* portion thereof, with all the other executions, which is also granted, and by consent of parties, bond and security is dispensed with on said appeals respectively, and by consent of parties, it is further ordered, that these several orders be entered as of the 20th day of November last."

"THOS. DOUGLAS, *Judge.*"

*Thompson & Hagner*, for Appellants.

*Long & Walker*, for Appellee.

BALTZELL, Justice delivered the following opinion:

We have not been able to decide the important question presented to us in the argument of counsel, upon any rule or principle of law satisfactory to ourselves. The case in this Court is between Willis's executor, appellant, and Shepard appellee, and there is also a cross appeal. In the Court below it was entitled, Willis against Gatlin's executors, and was commenced by rule as well against Shepard as the Sheriff and Moseley, ordering them to appear and shew cause why the Sheriff should not pay over to Willis's attorneys moneys arising from sale of certain slaves, &c. To this there was no answer by any one. The trial seems to have progressed between Shepard and Willis until finally an order was passed for " the distribution of the residue after deducting $405 the proceeds of sale of a negro *from the amount in the registry of the Court.*" Now we are not aware of any such mode of proceeding at common law or by statute as a rule between two individuals to try the right of money

Executor of Jesse H. Willis, *vs.* John S. Shepard.

in the hands of a third person, the Sheriff. There is no statute authorizing it that we are aware of, and by the common law and a special rule of Court also, a rule by way of attachment for contempt, was allowed against an officer to compel the payment of money when collected under execution. But the jurisdiction is against the officer, and the authority is ample to compel obedience to the order of the Court. But where is the jurisdiction or authority for a rule of this kind between private individuals ? Suppose a judgment in the present case in favor of one or the other parties, how is it to operate ? Can it enforce obedience ? Neither of the parties has the money, and the Sheriff is not a party, nor does it appear from the record that he has the money in his possession. To whom would the order be directed ? We see a difficulty in the order of the Court below to that effect—it is directed to no one.

But there is another objection to the present mode of proceeding. Shepard is defendant in the rule, and required to shew cause why the money should not be paid to Willis. He prefers no claim of his own, and according to legal principles no judgment could be given in his favor, yet in this Court and the Court below he claims, and is allowed, a share in the distribution. The proper course, in our opinion, is for such claimant to take his rule against the Sheriff—the allowance of one will be the refusal of the others. By an order of consolidation all can be tried together, and in case of appeal by any, the stay of the others may be had as directed until final decision.

In Blewitt *vs.* Nicholson, an application of a like character to decide questions raised in argument, and not by the case in the record was considered by the Court, and denied after mature consideration. We see no reason to change the determination then expressed. It is not matter of mere form, but of substance. We consider it by far safer and more prudent, more in the spirit of the constitution, and in harmony with the character of our institutions to keep within the range and limits of a rightful jurisdiction than to subject ourselves to the reproach of travelling beyond it, and exercising a doubtful and questionable power.

We are therefore of opinion that the order of the Court below be reversed and set aside, and this cause remanded for proceedings not inconsistent with this opinion.